CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 25, 2013

LETTER TO COUNSEL:

      RE:    *Brenda Cygan v. Commissioner, Social Security Administration*;
                Civil No. SAG-11-2447

Dear Counsel:

      On August 31, 2011, the Plaintiff, Brenda Cygan, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Cygan filed her claim for benefits on November 8, 2007. (Tr. 120-22). Her claim was denied initially on March 27, 2008, and on reconsideration on October 2, 2008. (Tr. 61-64, 68-69). A hearing was held on March 9, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 22-58). Following the hearing, on April 13, 2010, the ALJ determined that Ms. Cygan was not disabled during the relevant time frame. (Tr. 7-21). The Appeals Council denied Ms. Cygan's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Cygan suffered from the severe impairments of bipolar disorder, major depression, and substance abuse. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Cygan retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to unskilled work involving short simple instructions, repetitive in nature, involving no more than occasional interaction with others an [sic] should be solitary in nature if possible; general goals versus production rate goals; few if any changes in the work setting.

(Tr. 13). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Cygan could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 16-17).

Ms. Cygan presents two arguments on appeal: (1) that the ALJ failed to consider adequately the opinion of the state agency physician; and (2) that the ALJ failed to consider the GAF score assigned by Dr. Yilma. Each argument lacks merit.

First, Ms. Cygan submits that the ALJ failed to consider adequately the opinion of the state agency consultant, Dr. Walcutt. Ms. Cygan is correct that Dr. Walcutt checked twelve "moderate limitations" in Section I of the opinion, and that the ALJ did not include all twelve limitations in her hypothetical. (Tr. 419-20). However, the relevant portion of Dr. Walcutt's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations, and need not include each of those limitations in the hypothetical to the VE. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Section III of Dr. Walcutt's opinion comports with the ALJ's findings. Specifically, Dr. Walcutt noted that Ms. Cygan "functions in a generally independent fashion," "manages within a basic routine," and "is capable of showing socially appropriate behaviors." (Tr. 421). Dr. Walcutt further noted that, "the claimant's residual capacity appears compatible with work-related functions equated with competitive employment." *Id.* Dr. Walcutt's Section III evaluation, and the ALJ's corresponding conclusion, are further substantiated by the consultative examinations from physicians Dr. Taller and Dr. Langlieb. (Tr. 401-04, 437-45).

Ms. Cygan's other argument is that the ALJ erred in considering the opinion of Dr. Mimi Yilma.[1] Pl. Mot. 6-8. The ALJ extensively summarized Dr. Yilma's findings, noting that Dr. Yilma had only treated Ms. Cygan on two occasions. (Tr. 15). In fact, the ALJ gave weight to Dr. Yilma's assessments, noting that "her assessments of record are noted to be consistent with each other and well supported by the documented clinical findings." (Tr. 16). Specifically, the ALJ concurred with Dr. Yilma's assessment that Ms. Cygan had moderate difficulty in social functioning, and found that Dr. Yilma's opinion suggested "that the claimant has some limitations but those limitations do not prevent her from working." (Tr. 15). Ms. Cygan contends that the ALJ failed to evaluate the GAF score of 45 assigned by Dr. Yilma. Not only is the GAF score called into question by the fact that Ms. Cygan was "new" to Dr. Yilma, (Tr. 435), but GAF scores in general do not govern the outcome of an ALJ's analysis. "[A] GAF score is not determinative of whether a person is disabled. Rather, the Social Security Administration does not endorse the use of the GAF in Social Security and SSI disability programs, and it does not directly correlate to the severity requirements in the mental disorders listings." *Melgarejo v. Astrue,* Docket No. 08–cv–3140–JKS, 2009 WL 5030706, at *2 (D.Md. Dec.15, 2009) (citing Revised Medical Criteria for Evaluating Mental Disorders and Traumatic

---

[1] The ALJ repeatedly misidentifies the physician as "Dr. Yilmer." (Tr. 15-16).

Brain Injury, 65 Fed.Reg. 50746-01, 50764-65 (Aug. 21, 2000)). The ALJ's failure to evaluate Dr. Yilma's assigned GAF score therefore does not warrant remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge